Mr. Lee McGehee Chief of Police Ocala Police Department Post Office Box 1270 Ocala, Florida 32678
Dear Chief McGehee:
You ask substantially the following question:
Is the police department responsible for the collection of lost or abandoned property located on private property when the items are not connected with a crime or a criminal act?
In sum:
Chapter 705, F.S., governing the collection, storage and disposition of abandoned or lost property located on public property does not make a local police department responsible for the disposition of such property located on private property. Absent statutorily prescribed procedures, the city may establish reasonable criteria for the disposition of lost and abandoned property located on private property which has been placed in the custody of the police department.
Section 705.103, F.S., provides:
(1) Whenever a law enforcement officer ascertains that an article of lost or abandoned property is present on public property and is of such nature that it can be easily removed, the officer shall take such article into custody and shall make a reasonable attempt to ascertain the rightful owner or lienholder pursuant to the provisions of this section.
(2) Whenever a law enforcement officer ascertains that an article of lost or abandoned property is present on public property and is of such nature that it cannot be easily removed, the officer shall cause a notice to be placed upon such article . . . .[1] (e.s.)
Thus, s. 705.103, F.S., provides the procedure for the removal of lost or abandoned property on public property by law enforcement officers. For purposes of the statute, "[a]bandoned property" is defined as "all tangible personal property which does not have an identifiable owner and which has been disposed on public property in a wrecked, inoperative, or partially dismantled condition or which has no apparently intrinsic value to the rightful owner."[2](e.s.). Similarly, "[l]ost property" is defined as all tangible personal property which does not have an identifiable owner and which has been mislaid on public property, upon a public conveyance, on premises used at the time for business purposes, or in parks, places of amusement, public recreation areas, or other places open to the public in a substantially operable, functioning condition or which has an apparent intrinsic value to the rightful owner.[3] (e.s.) Clearly, the provisions in s. 705.103, F.S., apply to lost or abandoned property which is located on public property and, in the case of lost property, places open to the public.[4] "Public property" is defined as "lands and improvements owned by the Federal Government, the state, the county, or a municipality and includes sovereignty submerged lands located adjacent to the county or municipality, buildings, grounds, parks, playgrounds, streets, sidewalks, parkways, rights-of-way, and other similar property."[5] Thus, s. 705.103, F.S., would not apply to lost or abandoned property located on private property.[6]
There are several statutes which address lost or abandoned property located on other than public property. Section 509.191, F.S., provides that property without an identifiable owner which is found in a public lodging establishment or public food service establishment[7] is subject to the provisions in Ch. 705, F.S. Chapter 717, F.S., governs the disposition of unclaimed property held by banking organizations and business associations.
Pertinent to your inquiry, Ch. 715, F.S., generally covers the disposition of unclaimed property held by various entities. For instance, unclaimed property held by a dry cleaners is to be disposed of pursuant to s. 715.03, F.S. Section 715.065, F.S., covers the disposition of unclaimed property held by jewelry stores and television or radio repair shops. The "Disposition of Personal Property Landlord and Tenant Act," ss. 715.10-715.111, F.S., applies to lost or unclaimed personal property remaining on premises after a tenancy has ended and the premises have been vacated by the tenant.
When a vehicle[8] is parked on private property without permission, the owner or lessee of the real property, or any person authorized by the owner or lessee, may cause such vehicle to be removed by a person regularly engaged in the business of towing vehicles.[9] The towing of such a vehicle without the consent of the vehicle's registered owner or other legally authorized person in control of the vehicle, however, is subject to strict conditions and restrictions.[10] If a person improperly causes a vehicle to be removed, such person is liable to the owner or lessee of the vehicle for the cost of removal, transportation, and storage, as well as any damage resulting from the removal, transportation and storage of the vehicle, attorneys' fees and court costs.[11]
There is no statutory requirement that local law enforcement participate in the removal, transportation or storage of personal property pursuant to Ch. 715, F.S. Furthermore, I am not aware of, nor have you directed my attention to, any statute prescribing standard procedures to be followed by local law enforcement agencies for handling abandoned or lost personal property located on private property.
Previously, this office was asked what statutory procedure was to be followed by a police department in the disposition of lost bicycles found by department personnel or turned in to the department. In AGO 76-101, this office considered the provisions in Chs. 705 and 715, F.S., as they related to lost property. At that time, Ch. 705, F.S., did not address lost property, since, by its terms, the statute only applied to abandoned or derelict property. Likewise, Ch. 715, F.S., at that time, contained no procedure to be followed by the finder of lost property, nor did it impose duties or liabilities upon third parties, such as a police department, to whom the finder might entrust the property.
In the absence of a statutory procedure, this office advised that lost property would be subject to the principles of the common law of property.
The opinion went on to generally comment upon applicable common law principles. For example, where a finder of lost property has delivered it to a third person, such as a police department, for keeping on behalf of the owner or on behalf of the finder in the event the owner does not claim it, the finder has a right to recover the property from the third person.[12] This office suggested that the city might establish reasonable criteria for the disposition of lost articles deposited with the police department. This included the advertisement of lost articles in a newspaper of general circulation, so as to inform the owners that the articles have been found and, if not claimed within a reasonable time, will be sold at public auction. The opinion noted, however, that such procedures would be subordinate to any party's rights or obligations under the common law and only would be a temporary administrative measure to facilitate the handling of lost articles until the Legislature adopted a general law covering all aspects of lost property.[13] Applying the same principles discussed in AGO 76-101 to the instant situation, the police department may wish to establish its own reasonable criteria for the disposition of lost or abandoned property located on private property which has been placed in its custody and is not otherwise governed by statute.[14]
Such criteria, however, would be subject to the common law rights and obligations of other parties in the property. Thus, the police department is under no general duty or obligation, pursuant to Ch.705, F.S., to retrieve, store or dispose of lost or abandoned personal property located on private property. To the extent such property is not governed by statute, common law rights and obligations of lost or abandoned property would prevail.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 705.103(2), F.S., prescribes the form of the notice and directs the law enforcement officer to make a reasonable effort to ascertain the name and address of the owner.
[2] See, s. 705.101(3), F.S., which also excludes from the definition vessels determined to be derelict by the Department of Natural Resources or a county or municipality in accordance with the provisions of s. 823.11, F.S
[3] See, s. 705.101(2), F.S.
[4] Cf., s. 509.191, F.S., providing that property without an identifiable owner which is found in a public lodging establishment or public food service establishment is subject to Ch. 705, F.S. And see, s. 705.18, F.S., governing the disposal of personal property lost or abandoned on university or community college campuses, with the proceeds from such sales dedicated solely for student scholarship and loan purposes.
[5] Section 705.101(5), F.S.
[6] Cf., s. 717.116, F.S., stating that all tangible and intangible property held in a safe deposit box that remain unclaimed by the owner for seven years after the lease or rental period on the box has expired are presumed abandoned.
[7] Section 509.013(4)(a) and (5)(a), define "[p]ublic lodging establishment" and "[p]ublic food service establishment."
[8] Section 715.07(1), F.S., defines "vehicle" to mean "any mobile item which normally uses wheels, whether motorized or not."
[9] See, s. 715.07(2), F.S.
[10] See, s. 715.07(2)(a)1.-9., F.S., setting forth the minimum standards for removal of vehicles from private property.
[11] See, s. 715.07(4), F.S.
[12] See, 36A C.J.S. Finding Lost Goods s. 5(f), p. 424.
[13] See also, AGO 76-133 (disposition of lost and abandoned property by the sheriff's department governed by common law, except as directed by statute).
[14] See, s. 705.102, F.S., requiring any person who finds any lost or abandoned property to report the description and location of such property to a law enforcement officer. The law enforcement officer must ascertain whether the person reporting the property wishes to make a claim to it, if the rightful owner cannot be identified, and, if so, such person must deposit with the law enforcement agency a reasonable sum sufficient to cover the agency's cost for transportation, storage, and publication of notice.